# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-1053

_____

Larry Sidler

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner, Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

_____

Submitted: August 5, 2013
Filed: August 15, 2013
[Unpublished]

_____

Before WOLLMAN, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Larry Sidler appeals the district court's[1] order affirming the denial of disability insurance benefits. Upon de novo review, *see Van Vickle v. Astrue*, 539 F.3d 825,

---

[1]The Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

828 & n.2 (8th Cir. 2008), this court finds that the administrative law judge's (ALJ's) decision is supported by substantial evidence on the record as a whole. Specifically, this court concludes that, because the ALJ gave several valid reasons for his determination that Sidler was not entirely credible, the ALJ's credibility determination is entitled to deference, *see Renstrom v. Astrue,* 680 F.3d 1057, 1067 (8th Cir. 2012); that the ALJ properly discounted the opinions of a consulting physician and several treating physicians as to Sidler's residual functional capacity (RFC), *see id.* at 1064 (treating physician's opinion does not automatically control); *Charles v. Barnhart*, 375 F.3d 777, 783 (8th Cir. 2004) (generally when consulting physician examines claimant only once, his opinion is not considered substantial evidence); that Sidler failed to meet his burden of demonstrating his RFC, *see Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 1092); and that the ALJ's first hypothetical to the vocational expert (VE) accounted for all of Sidler's proven impairments, *see Buckner v. Astrue*, 646 F.3d 549, 560-61 (8th Cir. 2011) (VE's testimony constitutes substantial evidence when it is based on hypothetical that accounts for all of claimant's proven impairments; hypothetical must include impairments that ALJ finds substantially supported by record as a whole).

The judgment of the district court is affirmed.

_____